

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-28-2004

# USA v. Brightwell

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-2001

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"USA v. Brightwell" (2004). *2004 Decisions.* Paper 459.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/459

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 03-2001
_____

UNITED STATES OF AMERICA,

vs.

RICHARD BRIGHTWELL,

Appellant.
_____

On Appeal from the United States District Court
For the Eastern District of Pennsylvania

(D.C. No. 01-cr-00033)
District Judge:  The Honorable R. Barclay Surrick
_____

ARGUED JUNE 21, 2004

BEFORE: NYGAARD, McKEE, and CHERTOFF, Circuit Judges.

(Filed    July 28, 2004      )
_____

Marcia G. Shein, Esq. (Argued)
Shein & Biggs
1945 Mason Mill Road, Suite 200
Decatur, GA 30030

Counsel for Appellant


Thomas M. Zaleski, Esq. (Argued)
Office of the United States Attorney

615 Chestnut Street, Suite 1250
Philadelphia, PA 19106

Counsel for Appellee

_____

OPINION OF THE COURT

_____

NYGAARD, Circuit Judge.

Richard Brightwell appeals, alleging that the evidence does not support his conviction for: (1) possession with intent to distribute drugs, 21 U.S.C. § 841(a)(1) and (b)(1)(B), and (2) possession of a firearm in relation to a drug trafficking crime, 18 U.S.C. § 924(c). We conclude that there was sufficient evidence for a reasonable jury to convict. Thus, we will affirm.

I.

Because the facts of the case are known to the parties, we recite only those pertinent to our analysis and detail the facts in the light most favorable to the government, as it was the verdict winner. *United States v. Applewhaite*, 195 F.3d 679, 684 (3d Cir. 1999).

Brightwell owned a small convenience store in Chester, Pennsylvania. On the day in question, local police and agents from the Drug Enforcement Agency executed a search warrant at the store, including the adjoining office area and the basement. The search

2

yielded significant amounts of cocaine, drug paraphernalia, and four firearms[1].

Brightwell was present at the store at the time of the search, but testified that he was rarely there and delegated operational authority to an employee.

Brightwell now argues that despite his ownership of the store and his presence at the time of the search, he should not have been convicted because the government did not sufficiently establish that he had constructive possession of the guns and drugs.

## II.

It is clear that Brightwell did not have actual possession of the guns and drugs. Therefore, to convict, the government had to prove constructive possession by showing that Brightwell had dominion and control over the guns and drugs, and the intent to exercise that dominion and control. *See United States v. Brown*, 3 F.3d 673, 680 (3d Cir. 1993).

We need not labor long with respect to Brightwell's constructive possession of the gun found in the bathroom. When the police arrived at Brightwell's store they encountered him leaving the bathroom. A search of that bathroom revealed a gun on the counter next to Brightwell's cell phone. Brightwell's presence in the bathroom immediately before the gun was found, coupled with the gun's proximity to his cell phone, is sufficient to support his conviction for constructively possessing that gun.

---

1. Brightwell was charged with possessing three of these four guns—one found in the bathroom from which Brightwell was exiting when the search began, one found in the store office, and one found near the store's cash register.

3

With respect to whether Brightwell had constructive possession of the remaining guns and the drugs, the answer is ultimately controlled by our decision in *Jackson v. Byrd*, 105 F.3d 145 (3d Cir. 1997).[2] In *Jackson*, we held that the lessee of an apartment had constructive possession of the drugs therein, despite the fact that they were recovered from a room in which the lessee's relative, but not the lessee, lived. *Id.* at 149. We reasoned that because Jackson was the lessee, she had access to all areas of the apartment, and thus exercised dominion and control over the drugs. *Id.* at 150.

Brightwell argues that because the storeroom in which some of the drugs were found was locked, we cannot apply *Jackson* to say that his status as owner provided access to the drugs therein.[3] Viewing the evidence in a light most favorable to the government as the verdict winner, we must presume that the jury rejected Brightwell's trial testimony that he was rarely present at the store and did not have access to the locked storeroom. We cannot disturb the jury's determination that Brightwell's testimony was not credible, as that is outside our scope of review. Therefore, based on *Jackson* and

---

2.     We note that had the investigators tested the guns and drugs for fingerprints, the issue of possession may well have been straightforward. It is entirely unclear why the government did not perform a fingerprint test. This investigative choice, while not violating any legal obligation, is troubling because it could have had a strong bearing on the legal issue we are now facing.

3.     Drugs and guns were also found in unlocked portions of the building—namely the office and near the store's cash register. As to those drugs and guns, *Jackson*'s ownership analysis is binding. Thus, we presume that Brightwell had constructive possession of the drugs and guns found in unlocked portions of the store because his ownership conferred access to all those portions of the building. *See Jackson*, 105 F.3d at 150.

putting aside Brightwell's allegation that he did not have access to the locked storeroom, there was sufficient evidence to conclude that he constructively possessed the guns and drugs.

III.

For the foregoing reasons, we will affirm Brightwell's conviction.